┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2019[*]
Decided July 31, 2019

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2916

| | |
|---|---|
| TERRY C. KEMPER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CV-1123-JPS |
| | |
| PAUL KEMPER,[†] | J.P. Stadtmueller, |
| *Defendant-Appellee*. | *Judge*. |

### O R D E R

Terry Kemper, a Wisconsin inmate convicted of sexual assault of a child, wants to receive publications that portray children sexually. But at the prison where he is

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[†] Although the parties have the same surname, nothing in the record reflects that Terry Kemper, the plaintiff-inmate, is related to Paul Kemper, the warden of Racine Correctional Institution.

housed, sex offenders may not possess publications that are inconsistent with their treatment or rehabilitative goals. Many of the publications ordered by Kemper have been confiscated for containing sexual depictions of young girls. Kemper contends that the manner in which the prison screens his publications violates his rights under the First and Fourteenth Amendments. The district court granted the prison's motion for summary judgment, and we affirm.

Because Kemper did not comply with the local rules concerning proposed findings of fact, the district court treated the Warden's facts as undisputed, as do we. CIVIL L. R. 56; *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015). In 2003 Kemper was found guilty of first-degree sexual assault of a three-year old girl. He is currently housed at Racine Correctional Institution, where staff in the "property department" review all publications ordered by inmates to ensure that they comply with prison and state policy. *See* DAI Policy 309.04.01(V)(F)(7); WIS. ADMIN. CODE § DOC 309.04(4)(c)(8)(c). But inmates who are sex offenders—like Kemper—face an additional level of scrutiny: If the property staff determines that a publication contains questionable depictions of nudity or the sexualization of children, then the prison psychologist must evaluate whether the publication is inconsistent with the inmate's treatment or rehabilitative needs, and if so whether to deny the inmate access to the publication. *See* DAI Policy 309.20.03(I)(C)(4)(a). The prison psychologist at Racine, believing that publications that feature sexual depictions of children would hinder Kemper's rehabilitation and adversely affect other inmates who are in sex-offender treatment, has denied access to more than half of the ten to twenty publications that Kemper receives every week or two. The publications at issue are primarily anime magazines and books that frequently feature sexualized depictions of young girls. Under prison policy, Kemper has the choice of mailing these publications to someone outside the prison or returning them to the publisher.

Kemper sued the Warden, contending that the additional level of psychological review violates his First Amendment right to read and receive mail and the Fourteenth Amendment's guarantee of equal protection and due process. He maintained that he is not participating in sex-offender treatment and, therefore, his publications should be subject to the same level of review as the general prison population.

The district court granted the Warden's motion for summary judgment, concluding under *Turner v. Safley*, 482 U.S. 78, 89 (1987), that the additional level of review was reasonably related to the prison's legitimate rehabilitative goals and thus did not violate Kemper's First Amendment rights. The court then determined that

Kemper's Equal Protection claim failed because he was not being treated differently from similarly situated sex-offender inmates. And Kemper's due process claim failed, the court concluded, because he was not deprived of a protected property interest: when a publication was confiscated, he could return it to the publisher or send it outside the prison to someone else.

On appeal, Kemper contends generally that the district court erred when concluding that the prison's substantial interest in rehabilitation trumped his First Amendment right to read and receive mail. But under *Turner's* four-part balancing test, an inmate's right to receive mail may be circumscribed by a prison regulation if the restriction is reasonably related to the prison's legitimate penological interests. 482 U.S. at 89. The district court properly concluded that such was the case here. First, regarding whether the policy is valid and rational, we defer to the expertise of prison medical staff on matters of professional judgment. *See Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010). Here, Racine had in place a reasonable policy to allow the prison psychologist to determine whether material is sexually stimulating and detrimental to Kemper's rehabilitative needs. Second, Kemper has an alternative means of receiving publications: he may receive reading material that does not depict sexualized images or depictions that undermine the goal of his rehabilitation. *See Thornburgh v. Abbott*, 490 U.S. 401, 418 (1989) (upholding reasonableness of regulations that "permit a broad range of publications to be sent, received, and read"). Third, accommodating Kemper could adversely affect the rehabilitation of other sex-offenders if they were able to access Kemper's publications. Indeed, Kemper has admitted to having access secondhand to fellow inmates' publications that the prison psychologist would prohibit him from possessing. Finally, Kemper has not identified any alternative policy that could accommodate his access to the reading material while imposing only a de minimis cost on the prison's interest in rehabilitation. *See Turner*, 482 U.S. at 91.

Kemper next maintains that the additional level of review violates the Equal Protection Clause of the Fourteenth Amendment because he is not participating in sex-offender treatment and should therefore be treated like a member of the general population (and thus not have his publications subject to additional review). True, the Equal Protection Clause requires the state to treat all similarly situated persons alike, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), but Kemper has not established that he is treated differently from other sex offenders who are subject to the additional level of review. *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013). To the contrary, the prison psychologist attested that all sex offenders, regardless of their treatment status, are subject to the additional level of review.

Regarding his due process challenge, Kemper reiterates that the prison deprived him of an adequate review procedure after it confiscated his publications. But to establish a due process violation, Kemper needed to show that he was permanently deprived of his property, *see Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016), and an inmate "is not deprived of a property interest when he is permitted to send the property to a destination of his choice." *Munson v. Gaetz*, 673 F.3d 630, 638 (7th Cir. 2012). Because Kemper was free either to send the prohibited publications outside the prison or to return them to the publisher, he was not deprived of his property.

Finally, Kemper asserts for the first time that the district court wrongly accepted the Warden's statement of facts (which, he contends, exceeded the total allowable limit of 150 separately numbered proposed findings of fact) in violation of Civil Local Rule 56(b)(7). But Kemper did not raise this argument before the district court and so he has waived it on appeal. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

We have considered Kemper's remaining arguments, and none has merit.

AFFIRMED